UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KASEY HAYES, individually and as next friend of M.S., and on behalf of those individual members of a class of similarly situated persons, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) 4:13-cv-00167-RLY-WGH |
| MULTIBAND EC CORPORATION, DIRECTV, LLC, JOSEPH MCCALEB, | )<br>)<br>) |
| Defendants. | ) |

**ENTRY ON DIRECTV'S MOTION TO DISMISS KASEY HAYES' CLAIMS**

Plaintiff Kasey Hayes, individually and on behalf of her daughter M.S., brought suit against Defendants, Multiband EC Corporation ("Multiband"), DIRECTV, LLC, and Joseph McCaleb. Plaintiffs allege that McCaleb, who was responsible for installing DIRECTV in Plaintiffs' home, took several items of clothing from the home. DIRECTV and Multiband[1] move to dismiss the claims brought by Hayes pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] For the reasons set forth below, the court **GRANTS** the motion.

---

[1] On March 27, 2014, Multiband filed a motion for Joinder (Filing No. 30) to DIRECTV's Motion to Dismiss. The court construes this as a notice of joinder to the motion to dismiss and will proceed to rule on the issues as applied to DIRECTV and Multiband.
[2] DIRECTV only argues for the dismissal of Kasey Hayes' claims, not the claims brought by M.S. The court notes that the claims brought by M.S. would not violate the statute of limitations.

### I. Background

In 2011, McCaleb entered Hayes' residence in order to install DIRECTV. (Complaint ¶ 20, Filing No. 1, at ECF p. 6). McCaleb was employed by Multiband who contracted with DIRECTV to install DIRECTV services. (*Id.* at ¶¶ 2-3, Filing No. 1, at ECF p. 2). While in the home, McCaleb took 32 items from Hayes including bathing suit tops, clothing, women's underwear, and lingerie. (*Id.* at ¶ 20; Filing No. 1, at ECF p. 6). McCaleb wrote journal entries and fantasies about Hayes and her daughter, M.S., and he tried to solicit a relationship with Hayes. (*Id.* at ¶¶ 21-22, Filing No. 1, at ECF p. 6).

Hayes "discovered [McCaleb's] actions when notified by local law enforcement that her name, her daughter's name and their personal items were found in the possession of McCaleb after burglary charges were brought against him in Kentucky." (*Id.* at ¶ 27, Filing No. 1, at ECF p. 7). McCaleb pled guilty in December 2011 to felony theft as a result of these actions. (Pronouncement of Sentence, Filing No. 18-1).

Hayes brought suit on October 25, 2013, alleging negligent hiring and supervision, conversion, intentional infliction of emotional distress, and trespass. (Complaint, Filing No. 1). DIRECTV and Multiband now move the court to dismiss the claims pursuant to Rule 12(b)(6) and argue that: (1) the suit was filed after the statute of limitations ran and (2) Hayes has pleaded facts that prevent her from proving a claim for trespass.

---

In Indiana the statute of limitations is tolled for minors. *See* Ind. Code § 34-11-6-1; *see also* Walker v. Memering, 471 N.E. 2d 1202, 1204 (Ind. Ct. App. 1984) (minority is a legal disability)

2

## II. Motion to Dismiss versus Motion for Summary Judgment

Along with its motion to dismiss, DIRECTV submitted a certified copy of the case file in *State of Indiana v. Joseph McCaleb*, Ohio Circuit Court, Cause No. 58C01-1107-FD-0047. ([Filing No. 13-1](#)). According to DIRECTV the court may consider the case file without converting the motion into a motion for summary judgment. Hayes argues that the court is required to construe the motion as a motion for summary judgment or to strike the documentation.

"The district court may [] take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment." [*Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)](#). The court "generally cannot take notice of findings of fact from other proceedings for the truth of the matter asserted therein because these findings are disputable, and usually are disputed." [*Wright v. Thompson,* 4:12-cv-10-RLY-WGH, 2012 WL 2401532, * 1 (S.D. Ind. June 25, 2012)](#) (citing [*Gen. Elec. Capital Corp. v .Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)](#)). The Seventh Circuit, however, has noted that it is "conceivable that a finding of fact may satisfy the indisputability requirement." [*Gen. Elect. Capital Corp.*, 128 F.3d at 1082 n. 6.](#)

Particularly at issue is DIRECTV's use of the probable cause affidavit contained in the case file. ([Filing No. 13-1, at ECF pp. 43-44](#)). DIRECTV argues that the affidavit is not being used to prove the truth that the clothing belonged to Hayes, but rather that Hayes was aware that McCaleb caused her injury, communicated this belief to the police, and identified the clothing as her own. ([Filing No. 24, at ECF p. 3](#)). Hayes does not

3

dispute the validity of the information contained in the affidavit, but rather argues that the probable cause standard is not enough to bring a civil action.

Because Hayes does not dispute the facts within the affidavit, and even acknowledges those facts in her response, the court finds that they satisfy the indisputability requirement for the court to take judicial notice. Therefore, the court will take judicial notice of those facts and construe the motion as a motion to dismiss.

### III. Standard

DIRECTV and Multiband bring the motion to dismiss under Rule 12(b)(6), which authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id*. at 555.

### IV. Discussion

#### A. Statute of Limitations

The statute of limitations is two years for the torts alleged by Hayes against DIRECTV. *See* Ind. Code. § 34-11-2-4. Under Indiana law, "a cause of action accrues, and the limitation period begins to run, when a claimant knows or in the exercise of

ordinary diligence should have known of the injury." *Cooper Indus., LLC v. City of S. Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009). The determination of when a cause of action accrues is generally a question of law. *See id.*

DIRECTV argues that this action accrued on either June 30, 2011 – the day Hayes notified the Rising Sun Police Department – or on July 1, 2011 – the day Hayes identified the items as belonging to her. Hayes, on the other hand, argues that the action did not accrue until McCaleb pled guilty in December 2011 because McCaleb's concealment of his guilt prevented Hayes from knowing with certainty that he was responsible.

The court rejects Hayes' argument that she did not know that she had a civil case until he pled guilty. Under Indiana law, "for an action to accrue, it is not necessary that the full extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred." *Cooper Indus., LLC*, 899 N.E.2d at 1280. Hayes indisputably knew that some damage had occurred to her by July 1, 2011; pursuant to Indiana law, she did not need to know "beyond a doubt McCaleb victimized her." (Filing No. 18, at ECF p. 5). Thus, the court finds that the statute of limitations began to run on July 1, 2011.

### B. Concealment and Tolling of the Statute of Limitations

Hayes next argues that McCaleb concealed the crime from her, thus tolling the statute of limitations until December 1, 2011, when he admitted his guilt. (Pronouncement of Sentence, Filing No. 18-1, at ECF p. 1). Fraudulent concealment is "an equitable doctrine which operates to prevent a defendant from asserting the statute of limitations as a bar to a claim where the defendant, by deception or a violation of a duty,

5

prevents the plaintiff from obtaining the knowledge necessary to pursue a claim." *Rangel v. Schmidt, 2:09-cv-071, 2011 WL 5570691, \* 11 (N.D. Ind. Nov. 16, 2011) aff'd, 490 F. App'x 808 (7th Cir. 2012)* (citing *Perryman v. Motorist Mut. Ins. Co., 846 N.E.2d 683, 690 (Ind. Ct. App. 2006)*). In other words, "a defendant [who] has prevented a plaintiff from discovering an otherwise valid claim, by violation of duty or deception, is estopped from raising a statute of limitations defense." *Cincinnati Life Ins. Co. v. Grottenhuis, 2:10-cv-00205, 2011 WL 1107114, \* 12 (S.D. Ind. Mar. 23, 2011) aff'd sub nom. Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939 (7th Cir. 2013)*.

Here, McCaleb's initial failure to admit guilt in a criminal proceeding did not conceal a valid claim from discovery. In fact, Hayes discovered the claim and brought it to the attention of the Rising Sun Police. Further, she verified that the photographs taken from McCaleb's computer were taken of her clothing. As such, McCaleb's denial of responsibility did not hinder Hayes' ability to investigate her claim. The court therefore, finds the statute of limitations was not tolled pursuant to the fraudulent concealment doctrine.

### C. Trespass to Land Claim

DIRECTV and Multiband move to dismiss the claim of trespass to land pursuant to Rule 12(b)(6) because Hayes pleaded facts that prevent her from proving a claim for trespass. Hayes does not respond to this argument. DIRECTV relies solely on the pleadings, therefore, the court also construes this argument as a motion to dismiss.

In Indiana, "[e]very unauthorized entry on the land of another constitutes a trespass." *Reed v. Reid, 980 N.E.2d 277, 294 (Ind. 2012)* (citations omitted). "To make

6

out a cause of action for trespass in this case, the [plaintiff] must prove that it owns the land in question and that the [defendant's] entry upon it was unauthorized." *Calumet Nat'l Bank Tr. v. Am. Tel. & Telegraph Co.*, 682 N.E. 2d 785, 788 (Ind. 1997) (citation omitted).

Hayes alleges that "McCaleb as an employee of Defendant Multiband without express permission of his employer entered the Plaintiff's real property and improvements and converted the Plaintiff's personal property without their permission." (Complaint ¶ 33, Filing No. 1, at ECF pp. 7-8). According to DIRECTV, the complaint is inconsistent because Hayes pleads that he entered her home to install DIRECTV. (*Id.* at ¶¶ 19, 20, Filing No. 1, at ECF pp. 5-6). Hayes never explicitly states whether or not she gave McCaleb permission to enter her home. She does, however, indicate that he entered under false pretenses and that as a result "she has continued fears of allowing strangers and workers into her home." (*Id.* at ¶¶ 32, 39, Filing No. 1, at ECF pp. 7-8).

The court finds that Hayes fails to present a claim of trespass because she fails to allege that McCaleb entered her home without her permission. Therefore, the claim of trespass to land is **DISMISSED**.

V. Conclusion

Hayes does not dispute that she learned of McCaleb's actions giving rise to the tort claims against DIRECTV in July 2011. As such, the court finds that these claims violate Indiana's two year statute of limitations. Furthermore, the court finds that Hayes fails to state a claim for trespass to land. Therefore, the court **GRANTS** DIRECTV's motion (Filing No. 12) and **DISMISSES** the claims brought by Hayes against DIRECTV and

7

Multiband **with prejudice**.  The claims brought by M.S. against DIRECTV and Multiband remain.

**SO ORDERED** this 4th day of April 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record and by U.S. mail to:

Joseph McCaleb
R.C.C.
P.O.Box 69
LaGrange, KY 40031